IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROY PARRY,                          )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )   Case No. 18−cv–1394−JPG
                                    )
B. MULLER                           )
                                    )
            Defendant.              )
                                    )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Roy Parry, an inmate in Pekin Federal Correctional Center, brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for events that happened at United States Penitentiary Marion. Plaintiff requests compensatory damages and declarative relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**<u>The Complaint</u>**

Plaintiff was called to the X-unit at Marion on October 21, 2017 by Officer Muller. (Doc. 1, p. 5). Muller conducted a pat-down of Plaintiff. *Id*. During the pat-down, Muller put 3 fingers in the waist band of Plaintiff's pants, touching the pubic area and the base of his penis. *Id*. Muller then ran his hands up Plaintiff's legs, and slammed them into Plaintiff's groin, causing him to nearly double over in pain. *Id*. Plaintiff filed a complaint against Muller on October 26, 2017. *Id*.

On October 27, 2017, Muller tore apart Plaintiff's cell during a search; he left Plaintiff's cellmate's possessions untouched. (Doc. 1, p. 6).

On November 5, 2017, Muller refused to call health care on an emergency basis when Plaintiff reported that he was experiencing pain in his right leg. *Id*.

Plaintiff filed this case on a standard Complaint form. The Complaint form asks if Plaintiff filed a grievance related to the Complaint. (Doc. 1, p. 4). Plaintiff checked "no." *Id*. Plaintiff states that in lieu of the grievance process, he filed a complaint through the Department of Justice, pursuant to the Prison Rape Elimination Act, 34 U.S.C. § 30301 ("PREA") on October 26, 2017. (Doc. 1, pp. 4-5). The Complaint form also asks if Plaintiff completed the grievance process. (Doc. 1, p. 4). Plaintiff checked "no." *Id*.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide Plaintiff's allegations into 3 Counts. The parties and the Court will use these designations in all future pleadings and order, unless otherwise directed by a judicial officer of this Court:

> **Count 1** – Muller conducted an unreasonable search of Plaintiff's person for his own gratification, and not for any legitimate penological reason on October 21, 2017 in violation of the Eighth and/or Fourth Amendment;
>
> **Count 2** – Muller retaliated against Plaintiff for filing a report regarding the October 21, 2017 incident by searching his cell and destroying his property in violation of the First Amendment;
>
> **Count 3** – Muller retaliated against Plaintiff and imposed cruel and unusual punishment on him in violation of the First and/or Eighth Amendment when he refused to refer Plaintiff to the health care unit on an emergency basis for leg pain on November 5, 2017.

Normally, the Court would analyze the merits of Plaintiff's claims here, but it is clear from the face of the Complaint that Plaintiff did not exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") governs suits by prisoners. 42 U.S.C § 1997e. A prisoner is required to exhaust his remedies prior to filing suit. 42 U.S.C. § 1997e(a); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211 (2007)(citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)), and "unless the prisoner completes the administrative process by following the rules the state has

established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Failure to exhaust is an affirmative defense, and while typically the issue is one for defendants to raise, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the complaint that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010.

The Bureau of Prisons ("BOP") had promulgated an administrative remedy system, codified in 28 C.F.R. § 542.10, that was in effect at all times relevant to this case. The administrative remedy process allows an inmate to seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his administrative remedies under this process, an inmate must first file an informal remedy request through the appropriate institution staff member (BP-8). If the inmate is not satisfied with the response to his informal request, he is required to file his complaint with the Warden (BP-9). *See* 28 C.F.R. § 542.14. The deadline for completion of these two steps is twenty days following the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.14(a).

If the inmate is dissatisfied with the Warden's response, he may appeal the decision to the Regional Director (BP-10) within twenty calendar days of the date the Warden responded. *See* 28 C.F.R. § 542.15. Finally, if an inmate is dissatisfied with the Regional Director's response, he may appeal to the General Counsel (BP-11). *See id.* Once the General Counsel has responded, an inmate has exhausted all of his administrative remedies.

The Seventh Circuit has said that the proper step where an inmate has failed to exhaust his remedies is to dismiss the case without prejudice, even if a plaintiff exhausts his remedies

while the suit is pending. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The purpose of this requirement is to "keep the courthouse door closed" while the administrative process runs its course in order not to undercut the administrative process. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Plaintiff has affirmatively stated that he did not exhaust his administrative remedies before filing suit. His statements regarding exhaustion are explicit, making the applicability of the affirmative defense unmistakable and clear from the face of the Complaint. Plaintiff makes an argument that his reporting of the initial incident under PREA makes it unnecessary to comply with the grievance process laid out in 28 C.F.R. § 542.10. Even if the Court were to accept this proposition, it would still doom Counts 2-3, which occurred after Plaintiff filed his grievance with the Department of Justice. As Plaintiff has not described any other relevant grievances, and the events in Counts 2-3 had yet to happen at the time he filed his PREA grievance, he cannot have exhausted Counts 2-3, and they will be dismissed without prejudice.

Plaintiff has also not exhausted his administrative remedies with regards to Count 1. Although PREA modifies some of the exhaustion requirements, for example, by eliminating the informal resolution requirement and time restrictions for filing a grievance regarding sexual assault, it does not provide a completely alternative grievance process. *See* 28 C.F.R. § 115.52. Plaintiff is still required to follow the process at 28 C.F.R. § 542.10, et seq., subject to PREA's modifications. Moreover, other district courts within the Seventh Circuit to have considered this issue have found that a PREA report does not exhaust an inmate's obligation under the PLRA. *See Peace v. Kemper*, 14-cv-1416-pp, 2016 WL 5793689 at * 5 (E.D. Wis. Sept. 30, 2016) ("The plaintiff's statements during the PREA investigat[ion] do not constitute proper exhaustion."); *Rivera v. Correctional Officer Drake*, 09-C-1182, 2014 WL 12526621 at * 1 (E.D. Wis. Feb. 11,

2014) ("Thus, in his own complaint Rivera clearly indicates his understanding of the difference between exhaustion for PLRA purposes and verbally reporting an incident for PREA purposes. In other words, he knew from day one that he had not properly exhausted his remedies."); *Kyles v. Beaugard*, 15 C 8895, 2017 WL 4122708 at * 7 (N.D. Sep. 18, 2017)(noting that plaintiff's argument that he need not exhaust grievances regarding PREA issues because PREA has its own exhaustion requirement is not his best argument and deciding the issue on other grounds). Other circuits have also found that PREA does not excuse an inmate's obligation to exhaust under the PLRA. *See Porter v. Howard*, 531 F App'x 792, 793 (9th Cir. 2013) *cert denied* 571 U.S. 1076 (2013) ("[Plaintiff] provides no support for his contention that he was excused from the requirement that he file an administrative grievance by operation of the Prison Rape Elimination Act of 2003."). Accordingly, the Court finds that Plaintiff's submission to the Department of Justice under PREA does not satisfy his obligation to exhaust under the PLRA. Count 1 will therefore be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that this case shall be dismissed without prejudice for failure to exhaust administrative remedies. Should Plaintiff successfully exhaust his remedies, he may bring a new action. This dismissal shall not count as a strike pursuant to 28 U.S.C. 1915(g). The Clerk of Court is directed to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e);

28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**
**DATED: August 23, 2018**

s/J. Phil Gilbert<br>**U.S. District Judge**